1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   FEDERAL HOME LOAN MORTGAGE           No.  2:12-CV-2771-JAM-EFB
     CORPORATION,
12
                  Plaintiff,
13                                        **ORDER REMANDING ACTION TO STATE
          v.                              COURT**
14
     CONNIE M. DONLEY AND DOES 1
15   THROUGH 100,

16                Defendants.

17

18        This matter is before the Court on Plaintiff Federal Home

19   Loan Mortgage Corporation's ("Plaintiff") Motion to Remand (Doc.

20   #5).[1]  Plaintiff also seeks attorneys' fees.  Defendant Connie M.

21   Donley ("Defendant") opposes the motion (Doc. #14).  The original

22   cause of action in this suit is for unlawful detainer.

23        Plaintiff argues that this case should be remanded because

24   the Court lacks subject matter jurisdiction based on the

25   underlying state court complaint, because removal was not

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument. E.D. Cal. L.R. 230(g). The hearing was originally
28   scheduled for February 20, 2013.

                                     1

1   available under the diversity jurisdiction statute due to

2   Defendant's California citizenship, and because judgment was

3   already entered in the state court action at the time of removal.

4   Defendant opposes remand on the grounds that her federal

5   crossclaim (Doc. #10) creates federal question jurisdiction, and

6   Plaintiff's original claim requires the resolution of a

7   substantial federal question.  Defendant also argues that the

8   Court has diversity jurisdiction.

9       The Ninth Circuit "strictly construe[s] [28 U.S.C. § 1441]

10  against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d

11  564, 566 (9th Cir.1992) (citing Boggs v. Lewis, 863 F.2d 662, 663

12  (9th Cir.1988), and Takeda v. Northwestern National Life

13  Insurance Co., 765 F.2d 815, 818 (9th Cir.1985)).  Thus,

14  "[f]ederal jurisdiction must be rejected if there is any doubt as

15  to the right of removal in the first instance." Id. (citing

16  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th

17  Cir.1979)).  "The 'strong presumption' against removal

18  jurisdiction means that the defendant always has the burden of

19  establishing that removal is proper." Id. (citing Nishimoto v.

20  Federman-Bachrach & Associates, 903 F.2d 709, 712 n. 3 (9th

21  Cir.1990), and Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195

22  (9th Cir.1988)).

23      1.   Federal Question Jurisdiction

24      "[A] defendant may not remove a case to federal court unless

25  the plaintiff's complaint establishes that the case arises under

26  federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers

27  Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983) (quotations

28  omitted).  A defense based on federal law, therefore, does not

2

1    create federal question jurisdiction for removal purposes.   Id.

2         In the present case, Plaintiff's state law complaint

3    contains one cause of action for unlawful detainer.   Neither

4    Defendant's crossclaim nor a defense based on federal law can

5    create jurisdiction over the state law unlawful detainer action

6    because they are not raised in Plaintiff's complaint.

7    Accordingly, federal question jurisdiction over this suit does

8    not exist for removal purposes.

9         2.   Diversity Jurisdiction

10        According to 28 U.S.C. § 1441(b), which governs removals

11   based on diversity of citizenship, "[i]t is . . . clear that the

12   presence of a local defendant at the time removal is sought bars

13   removal."   Spencer v. U.S. Dist. Court for N. Dist. of Ca., 393

14   F.3d 867, 870 (9th Cir. 2004) (citing 28 U.S.C. § 1441(b)).   In

15   this case, Defendant is a citizen of California and she was sued

16   in California Superior Court.   Diversity jurisdiction is

17   therefore not an available basis for removal.

18        3.   Attorneys' Fees

19        Plaintiff argues that it is entitled to the fees associated

20   with this motion pursuant to 28 U.S.C. § 1447(c).   Defendant

21   argues that since she "has not attempted to harass or cause the

22   Plaintiff undue expense," fees should not be awarded.   Opp. 4.

23        "An award of attorney's fees pursuant to section 1447(c)

24   . . . is within the discretion of the district court, and bad

25   faith need not be demonstrated."   Moore v. Permanente Med. Group,

26   Inc., 981 F.2d 443, 448 (9th Cir. 1992).   Based on the readily

27   apparent lack of subject matter jurisdiction over this action,

28   the Court finds that Plaintiff is entitled to the fees arising

1   from this motion.  Plaintiff's counsel spent 3.2 hours at the

2   rate of $150 on this matter for total fees of $480.90.  The Court

3   finds this amount to be reasonable and that Plaintiff is entitled

4   to those fees.

5

6                                ORDER

7        This action is hereby remanded to El Dorado County Superior

8   Court.  Plaintiff is awarded fees in the amount of $480.90, which

9   are to be paid by Defendant within 10 days of this order.  All

10  remaining matters filed in this action are hereby vacated because

11  the Court lacks subject matter jurisdiction.  The Clerk is

12  ordered to close this case.

13       IT IS SO ORDERED.

14  Dated: February 27, 2013

15                              JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  4